IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

05-10291 JLT

| | |
|---|---|
| THEODORE R. MANNING and<br>GLORIA E. MANNING, h/w<br>1257 Carroll Street<br>Brooklyn, New York 11213,<br><br>                    Plaintiffs,<br><br>v.<br><br>ANDRE M. LEVESQUE, d/b/a<br>LEVESQUE PLUMBING AND HEATING<br>68 Front Street<br>Oak Bluffs, Massachusetts 02557,<br><br>                    Defendant. | Civil Action Number:<br><br>RECEIPT # 62083<br>AMOUNT $250<br>SUMMONS ISSUED YES<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY CLK<br>DATE 2/14/05<br><br>**JURY TRIAL DEMANDED**<br><br>MAGISTRATE JUDGE Alexander |

## COMPLAINT

Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, by and through their undersigned counsel, complaining of the Defendant, Andre M. Levesque, d/b/a Levesque Plumbing And Heating, allege upon information and belief:

## THE PARTIES

1.  Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, (hereinafter referred to as "Manning") are individuals and residents of the State of New York who, at all times material hereto, resided at 1257 Carroll Street, Brooklyn, New York 11213.

2.  Upon information and belief, Defendant, Andre M. Levesque (hereinafter referred to as "Levesque"), d/b/a Levesque Plumbing and Heating, is an individual and resident of the Commonwealth of Massachusetts who, at all times material hereto, did business as Levesque

Plumbing and Heating, with its principal place of business located at 68 Front Street, Oak Bluffs, Massachusetts 02557.

## JURISDICTION AND VENUE

3. This action is commenced in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1332(a) as the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue for this action lies in the District of Massachusetts as the events giving rise to this action occurred within this district.

## GENERAL ALLEGATIONS

5. Plaintiff, Manning, at all times material hereto, owned the real and personal property located at 235 Longview Road, West Tisbury, Massachusetts 02575 (hereinafter referred to as the "subject premises").

6. At all times material hereto, Defendant, Levesque, was involved in the business of maintaining, servicing, inspecting and repairing residential plumbing appliances, fixtures and systems.

7. Prior to December 9, 2003, Defendant, Levesque, was retained for purposes of turning off the water and draining the pipes at the subject premises in preparation for the winter season.

8. Prior to December 9, 2003, Defendant, Levesque, was repeatedly requested by Manning, both in writing and by telephone, to "winterize" the plumbing system at the subject premises, which included, *inter alia,* turning off the water and draining the pipes.

9. On December 9, 2003, Defendant, Levesque, had still failed to "winterize" the plumbing system at the subject premises.

10. On or about December 9, 2003, a water pipe at the subject property froze and burst (hereinafter referred to as the "subject flood"), discharging a substantial amount of water into the subject premises, causing severe and extensive damage and destruction to the real and/or personal property of Manning.

11. The aforesaid flood referred to in paragraph 10 above resulted in substantial and extensive damage and destruction to the real and personal property of Manning in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

## COUNT I
## PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a
## LEVESQUE PLUMBING AND HEATING
### (Negligence)

12. Plaintiffs incorporate by reference those allegations contained in paragraphs one (1) through eleven (11) above as if each were set forth fully at length herein.

13. The aforesaid flood and subsequent damages sustained by Manning were the direct and proximate result of the negligence, carelessness, recklessness, gross negligence and/or negligible acts and/or omissions of Defendant, Levesque, its agents, servants and/or employees, both generally and in the following particulars:

    (a) failing to turn off the water and drain the pipes at the subject premises;

    (b) failing to safeguard the subject premises against the risk of flooding;

    (c) failing to respond in a timely manner to the requests of Manning to properly, safely and adequately "winterize" the plumbing system at the subject premises;

    (d) failing to take all reasonable precautions in order to keep the subject premises safe from flooding;

(e) failing to follow all proper laws, ordinances, statutes and industry guidelines and standards regarding the safe and adequate "winterization" of residential plumbing systems;

(f) failing to warn Manning of the dangerous and defective condition which they knew, or should have known, created an unreasonable risk of harm to Manning's property;

(g) failing to properly train its employees, agents and/or workmen in the proper procedure to be followed for "winterizing" residential plumbing systems;

(h) failing to operate its business in a safe and proper manner;

(i) failing to properly maintain its business to ensure that all proper laws, ordinances, statutes and industry guidelines and standards regarding the safe and adequate "winterization" of residential plumbing systems were followed;

(j) ignoring the diligent reminders of Manning to ensure that the plumbing system at the subject premises was safely, properly and adequately "winterized" in preparation for the winter season;

(k) engaging in abnormally irresponsible activities given the typical process, technique and responsibility of "winterizing" residential plumbing systems;

(l) committing negligence *per se;*

(m) engaging in acts which impose liability under the legal principles of *res ipsa loquitor;* and

4

 (n) otherwise failing to use due care under the circumstances in ways that may be further determined during the course of discovery.

14. As a direct and proximate result of the foregoing negligence, carelessness, recklessness, gross negligence and/or negligent acts and/or omissions of Defendant, Levesque, its servants, agents, and/or employees acting within the course and scope of their employment, the loss referred to in paragraph 10 above occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant, Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

## COUNT II
## PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a
## LEVESQUE PLUMBING AND HEATING
### (Breach of Contract)

15. Plaintiffs hereby incorporate by reference those allegations contained in paragraphs one (1) through fourteen (14) above as if each were set forth fully at length herein.

16. Plaintiffs contracted with Defendant, Levesque, for purposes of turning off the water and draining the pipes at the subject premises to prepare for and prevent the risk of loss during the winter season.

17. Defendant, by and through its conduct set forth above, breached its contractual obligations by failing to timely, properly and adequately turn off the water and drain the pipes at the subject premises in accordance with the terms and conditions of its contract.

18. As a direct and proximate result of the foregoing breach of contract, Defendant, Levesque, its agents, servants and/or employees acting within the course and scope of their employment, the loss referred to in paragraph 10 above occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant, Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for compensatory damages, delay damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

### COUNT III
### PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a
### LEVESQUE PLUMBING AND HEATING
### (Breach of Express and/or Implied Warranties)

19. Plaintiffs hereby incorporate by reference those allegations contained in paragraphs one (1) through eighteen (18) above as if each were set forth fully at length herein.

20. By agreeing to turn off the water and drain the pipes at the subject premises and accept payment for same, Defendant, Levesque, expressly and/or impliedly warranted that all applicable industry rules, regulations, laws, codes, statutes and accepted industry standards and guidelines would be adhered to in the proper winterization of the plumbing system at the subject premises.

21. As a direct and proximate result of the foregoing breach of its express and/or implied warranties, Defendant, Levesque, its agents, servants and/or employees acting within the course and scope of their employment, the aforesaid loss occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One

6

Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

**COUNT IV**
**PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a**
**LEVESQUE PLUMBING AND HEATING**
**(Breach of Implied Warranty of Workmanlike Service)**

22.  Plaintiffs hereby incorporate by reference those allegations contained in paragraphs one (1) through twenty-one (21) above as if each were set forth fully at length herein.

23.  Pursuant to its contract with Plaintiffs Defendant, Levesque, impliedly warranted that it would perform its work in a good and workmanlike manner and in accordance with the customs, standards and practices of plumbers and plumbing contractors performing similar work.

24.  Plaintiffs relied on the skill and judgment of Defendant, Levesque, to perform its work in accordance with those standards.

25.  Plaintiffs' reliance on the skill and judgment of Defendant, Levesque, was reasonable and justifiable.

26.  Plaintiffs relied on the skill and judgment of Defendant, Levesque, to their detriment and harm, and as a result of this detrimental reliance, sustained the damages associated with the loss described above.

27.  Defendant, Levesque, breached its implied warranty of good and workmanlike service by reason of the acts and omissions set forth in paragraph thirteen (13) above which is incorporated herein as though fully set forth.

28.  The breach of implied warranty of good and workmanlike service by Defendant, Levesque, was the legal cause of the damages sustained by Plaintiffs.

29.  As a direct and proximate result of the foregoing breach of its implied warranty of good and workmanlike service, Defendant, Levesque, its agents, servants and/or employees acting within the course and scope of their employment, the aforesaid loss occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theorode R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

Respectfully submitted,
THEODORE R. MANNING and
GLORIA E. MANNING
By their attorneys,

DATED: February 9, 2005

Roy P. Giarrusso, BBO# 549470
Curt Connors, BBO# 630288
GIARRUSSO, NORTON, COOLEY & MCGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA  02171
(617) 770-2900

Of Counsel:

Justin B. Wineburgh
COZEN O'CONNOR
The Atrium, 3rd Floor
1900 Market Street
Philadelphia, PA 19103
215-665-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Theodore R. Manning v. Andrew M. Levesque__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☑ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Roy P. Giarrusso, BBO# 549470__
ADDRESS __Giarrusso, Norton, Cooley & McGlone, Marina Bay, 308 Victory Road, Quincy, MA 02171__
TELEPHONE NO. __(617) 770-2900__

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Theodore R. Manning and Gloria E. Manning, h/w, 1257 Carroll Street, Brooklyn, New York

**DEFENDANTS**
Andre M. Levesque, d/b/a Levesque Plumbing and Heating, 68 Front Street, Oak Bluffs, MA 02557

(b) County of Residence of First Listed Plaintiff: Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, Marina Bay, 308 Victory Rd., Quincy, MA 02171, (617) 770-2900

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)
Brief description of cause:
Defendant agreed to winterize Plaintiff's Cape Cod home and failed to do so, causing extensive damage

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 182,648.71
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/09/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____