# McDONOUGH, HACKING & LAVOIE, LLC

## COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

---

website: www.mhnattys.com

Heather E. Davies, Esq.
Direct Dial: (617) 367-3822
email: hdavies@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

July 6, 2005

**Via Electronic Filing**
Clerk's Office, Civil Div.
U.S. District Court
for the District of Massachusetts
U.S. Courthouse
One Courthouse Way
Boston, MA 02110

**RE:    Theodore R. Manning and Gloria E. Manning h/w 1257 Carroll Street,
Brooklyn, New York, 1213 v. Andre M. Levesque, d/b/a Levesque Plumbing
and Heating, 68 Front Street, Oak Bluffs, Massachusetts 02557
U.S.D.C. C.A. No. 05 10291 JLT**

Dear Sir or Madam:

Enclosed, for docketing and filing, please find the following document:

THE DEFENDANT'S, ANDRE M. LEVESQUE d/b/a
LEVESQUE PLUMBING AND HEATING, MOTION TO COMPEL
SUBSTITUTION PURSUANT TO F.R.C.P. RULE 17A

Thank you for your attention in this regard.

Very truly yours,

Heather E. Davies

HED:rac
Enclosure
cc:    Roy P. Giarrusso, Esq.
       Justin B. Wineburgh, Esq.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

THEODORE R. MANNING and )
GLORIA E. MANNING, h/w )
1257 Carroll Street )
Brooklyn, New York 11213 )
)
            Plaintiffs )    Civil Action No. 05 10291 JLT
)
v. )
)
ANDRE M. LEVESQUE, d/b/a )
LEVESQUE PLUMBING AND )
HEATING )
68 Front Street )
Oak Bluffs, Massachusetts 02557, )
)
          Defendant. )
)

### THE DEFENDANT'S, ANDRE M. LEVESQUE d/b/a
### LEVESQUE PLUMBING AND HEATING, MOTION TO COMPEL
### SUBSTITUTION PURSUANT TO F.R.C.P. RULE 17A

The Defendant, Andre M. Levesque d/b/a Levesque Plumbing and Heating

("Defendant"), hereby moves to compel substitution of The Northern Assurance

Company of America ("Northern Assurance") pursuant to the Fed. R. Civ. P. Rule 17(a).

As grounds therefor, the Defendant states the following:

    1.    **Northern is the "real party in interest" pursuant to Fed. R. Civ. P. Rule 17(a); and**

    2.    **Ratification cannot be used to manufacture diversity jurisdiction.**

### ARGUMENT

This case involves a claim against the Defendant for property damage allegedly

resulting from a pipe that froze and burst at 235 Longview Road, West Tisbury, MA

02575, a private residence owned by Theodore and Gloria Manning (hereinafter "the

Mannings"). Although the Mannings have been identified as the "Plaintiffs" in the Complaint, his case is a subrogation case. The Mannings were reimbursed for the entirety of their alleged damages by Northern Assurance pursuant to a homeowners insurance policy. While the Mannings are residents of New York, Northern Assurance is a Massachusetts corporation. See Appendix A, Plaintiffs' Complaint at ¶1; see also Appendix B, Secretary of the Commonwealth of Massachusetts Corporation Filing. The Defendant is also a resident of Massachusetts.

This case was filed in federal court purportedly based on diversity jurisdiction, where the Mannings and the Defendant are residents of different states. Id. at ¶3. Had this case been properly filed as a subrogation action, with Northern Assurance as the named Plaintiff, diversity jurisdiction would not exist and this case could not be filed in federal court.

Significantly, Dean Zwicker, a representative of Northern Assurance, signed an "Affidavit of Ratification" with respect to this case. See Appendix C, Affidavit of Ratification. The Affidavit of Ratification states that "Northern Assurance is currently subrogated to the claims of Theodore R. Manning and Gloria Manning, h/w ("the Mannings") to the extent of One Hundred Eighty-two Thousand Six Hundred Forty-eight Dollars and Seventy-one Cents ($182,648.71), which is the amount the amount of Northern Assurance's payments to the Mannings for the fair and reasonable value of the losses and damages caused by the Defendant at issue in the above captioned action." Id. The Affidavit further states "pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, Northern Assurance hereby ratifies the above action in the name of its

insured." Id. The Mannings are not independently seeking any amounts above the
$182,648.71 in this litigation.

## ARGUMENT

The general rule in the federal courts is that if the insurer has paid the entire
claim, it is the real party in interest and must sue in its own name. 6C Wright & A.
Miller, *Federal Practice & Procedure* §1546; citing Avemco Ins. Co. v. Cessna Aircraft
Co., 11 F.3d 998, 1003 (1993). Federal Rule of Civil Procedure Rule 17(a) states the
following:

> **(a) Real Party in Interest. Every action shall be prosecuted in
> the name of the real party in interest.** An executor,
> administrator, guardian, bailee, trustee of an express trust, a
> party with whom or in whose name a contract has been made
> for the benefit of another, or a party authorized by statute may
> sue in that person's own name without joining the party for
> whose benefit the action is brought... No action shall be
> dismissed on the ground that it is not prosecuted in the name of
> the real party in interest until a reasonable time has been
> allowed after objection for ratification of commencement of the
> action by, or joinder or substitution of, the real party in interest;
> and such ratification, joinder, or substitution shall have the
> same effect as if the action had been commenced in the name
> of the real party in interest.

F.R.C.P. Rule 17(a) (emphasis added).

Pursuant to First Circuit caselaw dealing with the application of Rule 17(a),
Northern Assurance should be substituted as a party in this case where it is the real party
in interest. In Agri-Mark, Inc. v. Niro, Inc., 190 F.R.D. 293 (D.Mass. 2000), the U.S.
District Court for the District of Massachusetts stated "[i]t appears relatively well settled
that an insurer who has paid part of a loss suffered by its insured and has been at least
partially subrogated to the insured's right has substantive rights against a tort feasor
qualifying it as a real party in interest." Id. at 296; citing United States v. Aetna Cas. &

Sur. Co., 338 U.S. 366, 381 (1949). "In such instances, 'both the insured and insurers…

should appear in the litigation in their own names.'" Agri-Mark at 296; citing Aetna at

381; also citing State Farm Mut. Liab. Ins. Co. v. United States, 172 F.2d 737, 739 (1st

Cir. 1949)("In view of the universally recognized equitable principle of subrogation, an

insurance company, having paid the whole loss, is the real party in interest within the

meaning of Rule 17(a), Federal Rules of Civil Procedure.")

   In Agri-Mark, the defendant moved that the plaintiff be compelled to join its

insurer as a plaintiff pursuant to F.R.C.P. Rules 17 and 19, where the insurer had paid

substantial amounts on an insurance claim asserted by the plaintiff.  The insurer offered

to sign an affidavit indicating its agreement to (1) ratify the action; (2) to be forever

bound by the results of the action; (3) to forever waive any right to pursue its subrogation

rights outside the instant proceeding; and (4) to take place in discovery as if it were a

named party.  Id. at 295-296.

   The Court ultimately held that joinder was appropriate despite the ratification,

stating that the court had "a significant interest in avoiding disputes about the scope of

ratification, its effect on other procedural matters, res judicata, costs, sanctions, and the

existence or non-existence of diversity jurisdiction.  Id. at 297.  The Court further agreed

with the defendant that ratification **"'should not be a vehicle by which a real party in

interest may strategically circumvent joinder.'"** Id. at 296.  The Court went on to state

that "[a]t least one commentator has persuasively opined that decisions 'allowing parties

to use the ratification device deliberately to avoid naming an insurance company as a

plaintiff are inconsistent with the expressed legislative intent that the 1966 amendment

[adding the last sentence to Rule 17(a)] be available only in cases of mistake.'" Id. at 296,

citing June F. Entman, *More Reasons for Abolishing Federal Rule of Civil Procedure 17(a): The Problem of the Proper Plaintiff and Insurance Subrogation*, 68 N.Car.L.Rev. 893, 907-08 (1990).

Similarly, in Gannett v. Pettegrow, 224 F.R.D. 293 (D.Maine 2004), an insurer of a boat, who paid a portion of the claimed damages, was properly joined as a real party in interest pursuant to F.R.C.P. Rule 17 in the boat owner's lawsuit against the builder of the boat alleging faulty design, manufacture, and construction. The defendant filed a Motion to Join the insurer, and a Motion to Substitute the insurer for the individual boat owner. Id. at 293. The court granted the Motion to Join, citing to the following:

> The insurer who pays a part of the loss is only partially subrogated to the rights of the insured... The respective rights of the party in this situation parallel those when there has been a partial assignment. Either the insured or the insurer may sue. Thus, if the insured brings suit, the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery. **If either sues and the other does not voluntarily join or intervene, defendant may protect himself from multiple lawsuits by having the absent party joined.**

Id. at 294 (emphasis added); citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1546 (2d. ed.1990).

Other jurisdictions dealing with the application of Rule 17(a) have consistently held that an insurer who is subrogated to its insured should be joined as a real party in interest. In Virginia Electric and Power Company v. Westinghouse Electric Corporation, 485 F.2d 78 (4th Cir. 1973), the plaintiff/insured brought a diversity action on its own behalf and on behalf of its insurer (who was not named as a party). Although the Fourth Circuit Court of Appeals ultimately upheld the district court's ruling that the insured could pursue the action for the entire loss without the joinder of the insurer, the Court

stated   "[the insured] retained a significant pecuniary interest in the litigation. **Thus this is not a case where an insurer-subrogee has paid an *entire* loss suffered by the insured and is the only real party in interest who must sue in his own name."** Id. at 83; citing United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380-381 (1949).

Substitution of Northern Assurance pursuant to F.R.C.P. Rule 17(a), or alternatively the dismissal of the Plaintiff's case, is appropriate where Northern Assurance is entirely subrogated to the Mannings, and the Mannings have no pecuniary interest in this case.  It stands to reason that suit should not be filed in the Mannings' name only, simply in order to create diversity. The Plaintiffs' actions are tantamount to forum-shopping and run contrary to the spirit and purpose of F.R.C.P. Rule 17(a).

WHEREFORE, the Defendant respectfully requests that the Court grant its Motion to compel joinder of Northern Assurance pursuant to the Fed. R. Civ. P. Rule 17(a) and Rule 19.

Respectfully submitted,
Andre M. Levesque d/b/a Levesque Plumbing and Heating
By its attorneys,

Mark B. Lavoie, BBO #553204
Heather E. Davies, BBO #651739
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA  02108
(617) 367-0808

## CERTIFICATE OF SERVICE

I, Heather E. Davies, Esq., hereby certify that on July _6_, 2005, I hereby certify that I served a copy of the foregoing Motion to Compel Substitution Pursuant to F.R.C.P. Rule 17A by mailing, postage prepaid, to the following:  Roy P. Giarrusso, Esq., Giarrusso, Norton, Cooley & McGlone, Marina Bay, 308 Victory Road, Quincy, MA 02171 and Justin B. Wineburgh, Esq., Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103-3508.


Heather E. Davies, Esq.

# APPENDIX A



## IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF MASSACHUSETTS

THEODORE R. MANNING and      :      Civil Action Number:
GLORIA E. MANNING, h/w      :
1257 Carroll Street      :
Brooklyn, New York 11213,      :

         :    **05   10291 JLT**

            Plaintiffs,      :

                 :

v.      :

ANDRE M. LEVESQUE, d/b/a      :
LEVESQUE PLUMBING AND HEATING      :
68 Front Street      :
Oak Bluffs, Massachusetts 02557,      :      **JURY TRIAL DEMANDED**

            Defendant.      :

## COMPLAINT

Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, by and through their undersigned counsel, complaining of the Defendant, Andre M. Levesque, d/b/a Levesque Plumbing And Heating, allege upon information and belief:

## THE PARTIES

1.     Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, (hereinafter referred to as "Manning") are individuals and residents of the State of New York who, at all times material hereto, resided at 1257 Carroll Street, Brooklyn, New York 11213.

2.     Upon information and belief, Defendant, Andre M. Levesque (hereinafter referred to as "Levesque"), d/b/a Levesque Plumbing and Heating, is an individual and resident of the Commonwealth of Massachusetts who, at all times material hereto, did business as Levesque

Plumbing and Heating, with its principal place of business located at 68 Front Street, Oak Bluffs, Massachusetts 02557.

## JURISDICTION AND VENUE

3.    This action is commenced in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1332(a) as the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

4.    Venue for this action lies in the District of Massachusetts as the events giving rise to this action occurred within this district.

## GENERAL ALLEGATIONS

5.    Plaintiff, Manning, at all times material hereto, owned the real and personal property located at 235 Longview Road, West Tisbury, Massachusetts 02575 (hereinafter referred to as the "subject premises").

6.    At all times material hereto, Defendant, Levesque, was involved in the business of maintaining, servicing, inspecting and repairing residential plumbing appliances, fixtures and systems.

7.    Prior to December 9, 2003, Defendant, Levesque, was retained for purposes of turning off the water and draining the pipes at the subject premises in preparation for the winter season.

8.    Prior to December 9, 2003, Defendant, Levesque, was repeatedly requested by Manning, both in writing and by telephone, to "winterize" the plumbing system at the subject premises, which included, *inter alia*, turning off the water and draining the pipes.

9.    On December 9, 2003, Defendant, Levesque, had still failed to "winterize" the plumbing system at the subject premises.

2

10.     On or about December 9, 2003, a water pipe at the subject property froze and burst (hereinafter referred to as the "subject flood"), discharging a substantial amount of water into the subject premises, causing severe and extensive damage and destruction to the real and/or personal property of Manning.

11.     The aforesaid flood referred to in paragraph 10 above resulted in substantial and extensive damage and destruction to the real and personal property of Manning in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

### COUNT I
### PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a
### LEVESQUE PLUMBING AND HEATING
### (Negligence)

12.     Plaintiffs incorporate by reference those allegations contained in paragraphs one (1) through eleven (11) above as if each were set forth fully at length herein.

13.     The aforesaid flood and subsequent damages sustained by Manning were the direct and proximate result of the negligence, carelessness, recklessness, gross negligence and/or negligible acts and/or omissions of Defendant, Levesque, its agents, servants and/or employees, both generally and in the following particulars:

(a)     failing to turn off the water and drain the pipes at the subject premises;

(b)     failing to safeguard the subject premises against the risk of flooding;

(c)     failing to respond in a timely manner to the requests of Manning to properly, safely and adequately "winterize" the plumbing system at the subject premises;

(d)     failing to take all reasonable precautions in order to keep the subject premises safe from flooding;

3

(e)   failing to follow all proper laws, ordinances, statutes and industry guidelines and standards regarding the safe and adequate "winterization" of residential plumbing systems;

(f)   failing to warn Manning of the dangerous and defective condition which they knew, or should have known, created an unreasonable risk of harm to Manning's property;

(g)   failing to properly train its employees, agents and/or workmen in the proper procedure to be followed for "winterizing" residential plumbing systems;

(h)   failing to operate its business in a safe and proper manner;

(i)   failing to properly maintain its business to ensure that all proper laws, ordinances, statutes and industry guidelines and standards regarding the safe and adequate "winterization" of residential plumbing systems were followed;

(j)   ignoring the diligent reminders of Manning to ensure that the plumbing system at the subject premises was safely, properly and adequately "winterized" in preparation for the winter season;

(k)   engaging in abnormally irresponsible activities given the typical process, technique and responsibility of "winterizing" residential plumbing systems;

(l)   committing negligence *per se;*

(m)   engaging in acts which impose liability under the legal principles of *res ipsa loquitor;* and

4

(n)   otherwise failing to use due care under the circumstances in ways that may be further determined during the course of discovery.

14.   As a direct and proximate result of the foregoing negligence, carelessness, recklessness, gross negligence and/or negligent acts and/or omissions of Defendant, Levesque, its servants, agents, and/or employees acting within the course and scope of their employment, the loss referred to in paragraph 10 above occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant, Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

### COUNT II
### PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a
### LEVESQUE PLUMBING AND HEATING
### (Breach of Contract)

15.   Plaintiffs hereby incorporate by reference those allegations contained in paragraphs one (1) through fourteen (14) above as if each were set forth fully at length herein.

16.   Plaintiffs contracted with Defendant, Levesque, for purposes of turning off the water and draining the pipes at the subject premises to prepare for and prevent the risk of loss during the winter season.

17.   Defendant, by and through its conduct set forth above, breached its contractual obligations by failing to timely, properly and adequately turn off the water and drain the pipes at the subject premises in accordance with the terms and conditions of its contract.

5

18. As a direct and proximate result of the foregoing breach of contract, Defendant, Levesque, its agents, servants and/or employees acting within the course and scope of their employment, the loss referred to in paragraph 10 above occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant, Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for compensatory damages, delay damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

## COUNT III
## PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a
## LEVESQUE PLUMBING AND HEATING
### (Breach of Express and/or Implied Warranties)

19. Plaintiffs hereby incorporate by reference those allegations contained in paragraphs one (1) through eighteen (18) above as if each were set forth fully at length herein.

20. By agreeing to turn off the water and drain the pipes at the subject premises and accept payment for same, Defendant, Levesque, expressly and/or impliedly warranted that all applicable industry rules, regulations, laws, codes, statutes and accepted industry standards and guidelines would be adhered to in the proper winterization of the plumbing system at the subject premises.

21. As a direct and proximate result of the foregoing breach of its express and/or implied warranties, Defendant, Levesque, its agents, servants and/or employees acting within the course and scope of their employment, the aforesaid loss occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One

6

Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

**COUNT IV**
**PLAINTIFFS v. ANDRE M. LEVESQUE, d/b/a**
**LEVESQUE PLUMBING AND HEATING**
**(Breach of Implied Warranty of Workmanlike Service)**

22.  Plaintiffs hereby incorporate by reference those allegations contained in paragraphs one (1) through twenty-one (21) above as if each were set forth fully at length herein.

23.  Pursuant to its contract with Plaintiffs Defendant, Levesque, impliedly warranted that it would perform its work in a good and workmanlike manner and in accordance with the customs, standards and practices of plumbers and plumbing contractors performing similar work.

24.  Plaintiffs relied on the skill and judgment of Defendant, Levesque, to perform its work in accordance with those standards.

25.  Plaintiffs' reliance on the skill and judgment of Defendant, Levesque, was reasonable and justifiable.

26.  Plaintiffs relied on the skill and judgment of Defendant, Levesque, to their detriment and harm, and as a result of this detrimental reliance, sustained the damages associated with the loss described above.

27.  Defendant, Levesque, breached its implied warranty of good and workmanlike service by reason of the acts and omissions set forth in paragraph thirteen (13) above which is incorporated herein as though fully set forth.

7

28. The breach of implied warranty of good and workmanlike service by Defendant, Levesque, was the legal cause of the damages sustained by Plaintiffs.

29. As a direct and proximate result of the foregoing breach of its implied warranty of good and workmanlike service, Defendant, Levesque, its agents, servants and/or employees acting within the course and scope of their employment, the aforesaid loss occurred, causing Manning to sustain severe and extensive loss to their real and personal property in an amount in excess of One Hundred Eighty-two Thousand Six Hundred and Forty-eight Dollars and Seventy-one Cents ($182,648.71), including loss of use and extra and emergency expenses.

WHEREFORE, Plaintiffs, Theorode R. Manning and Gloria E. Manning, h/w, demand judgment against Defendant Andre M. Levesque, d/b/a Levesque Plumbing And Heating, for damages, attorney fees, the costs of this action and such further relief as this Honorable Court may deem appropriate under the circumstances.

Respectfully submitted,
THEODORE R. MANNING and
GLORIA E. MANNING
By their attorneys,

DATED: February 9, 2005

Roy P. Giarrusso, BBO# 549470
Curt Connors, BBO# 630288
GIARRUSSO, NORTON, COOLEY &
    MCGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

8

Of Counsel:

Justin B. Wineburgh
COZEN O'CONNOR
The Atrium, 3rd Floor
1900 Market Street
Philadelphia, PA 19103
215-665-2000

# **APPENDIX B**



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**NORTHERN ASSURANCE COMPANY OF AMERICA, THE** Summary Screen

Help with this form

> **Request a Certificate**

| | |
|---|---|
| **The exact name of the Insurance:** | NORTHERN ASSURANCE COMPANY OF AMERICA, THE |
| **The name was changed from:** | COMMERCIAL UNION PROPERTY AND on 12/31/89 |

**Entity Type:** Insurance

**Identification Number:** 001002509

**Date of Organization in Massachusetts:** 08/21/1987

**Current Fiscal Month / Day:** 12 / 31    **Previous Fiscal Month / Day:** 00 / 00

**The location of its principal office in Massachusetts:**
No. and Street:    1 BEACON ST.
City or Town:    BOSTON    State: MA    Zip: 02108    Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:    State:    Zip:    Country:

**The name and address of the Registered Agent:**
Name:    ROGER M. SINGER
No. and Street:    ONE BEACON STREET
City or Town:    BOSTON    State: MA    Zip: 02108    Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | KENNETH J. DUFFY | 37 FLAGG RD.,<br>SOUTHBOROUGH, MA USA<br>37 FLAGG RD.,<br>SOUTHBOROUGH, MA USA | |
| TREASURER | JOHN J. HIGGINS | 9 OAKLEDGE RD.,<br>WAKEFIELD, MA USA<br>9 OAKLEDGE RD.,<br>WAKEFIELD, MA USA | |

| CLERK | DENNIS R. SMITH | 23 FIRECUT LN.,<br>SUDBURY, MA USA<br>23 FIRECUT LN.,<br>SUDBURY, MA USA | |

**X** Consent    ___ Manufacturer    ___ Confidential Data    **X** Does Not Require Annual Report

**X** Partnership    ___ Resident Agent    **X** For Profit    ___ Merger Allowed

**Note: There is additional information located in the cardfile that is not available on the system.**

**Select a type of filing from below to view this business entity filings:**

```
ALL FILINGS
Annual Report
Application For Revival
Articles of Amendment
Articles of Consolidation - Foreign and Domestic
```

[ View Filings ]    [ New Search ]

| Comments |
| --- |
|  |

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

[?]
Help

# **APPENDIX C**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

THEODORE R. MANNING and
GLORIA E. MANNING, h/w

                  Plaintiffs,

v.

ANDRE M. LEVESQUE, d/b/a
LEVESQUE PLUMBING AND HEATING,

                  Defendant.

Civil Action Number:

05 – 10291 – JLT

---

## AFFIDAVIT OF RATIFICATION

Before me, a notary public, did appear, DEAN ZWICKER , who swears and deposes that he is a duly authorized representative of Northern Assurance Company of America ("Northern Assurance"); Northern Assurance is currently subrogated to the claims of Theodore R. Manning and Gloria Manning, h/w ("the Mannings") to the extent of One Hundred Eighty-two Thousand Six Hundred Forty-eight Dollars and Seventy-one Cents ($182,648.71), which is the amount of Northern Assurance's payments to the Mannings pursuant to the terms of a policy of insurance between Northern Assurance and the Mannings for the fair and reasonable value of the losses and damages caused by the Defendant at issue in the above captioned action; pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, Northern Assurance hereby ratifies the above action in the name of its insured; by this Affidavit, Northern Assurance hereby agrees to be forever bound by the results of the above action and forever waives any right to pursue its subrogation rights outside the above proceeding. In addition, Northern Assurance agrees to participate in discovery relative to this action in the same manner as if it were a named party plaintiff to the action.

NORTHERN ASSURANCE COMPANY OF AMERICA

_Dean A. Zwicker_

A Duly Authorized Representative

Sworn to and Subscribed

Before me this 10th day of May.

May, 2005.

_Edward J. Fink_
Notary Public   My commission expires 12/27/2007