<u>IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS</u>

| | |
|---|---|
| THEODORE R. MANNING and<br>GLORIA E. MANNING, h/w<br><br>                Plaintiffs,<br>v.<br><br>ANDRE M. LEVESQUE, d/b/a<br>LEVESQUE PLUMBING AND HEATING,<br><br>                Defendant. | Civil Action Number:<br><br>05 – 10291 – JLT |

**MEMORANDUM OF LAW OF PLAINTIFFS, THEODORE R. MANNING AND
GLORIA E. MANNING, IN OPPOSITION TO MOTION OF DEFENDANT, ANDRE M.
LEVESQUE, d/b/a LEVESQUE PLUMBING AND HEATING
TO COMPEL SUBSTITUTION PURSUANT TO Fed.R.Civ.P. 17(a)**

      Plaintiffs, Theodore R. Manning and Gloria E. Manning (hereinafter collectively referred to as the "Mannings"), submit this Memorandum of Law in Opposition to the Motion of Defendant, Andre M. Levesque, d/b/a Levesque Plumbing and Heating (hereinafter "Levesque"), to Compel Substitution Pursuant to Fed.R.Civ.P. 17(a) and, in support thereof, aver as follows:

FACTUAL BACKGROUND

      This action arises out of a December 9, 2003 failure of a water pipe at the property owned by the Mannings located at 235 Longview Road, West Tisbury, Massachusetts 02575. The water pipe froze after the Defendant failed to property "winterize" the plumbing system at the premises, a process which included turning off the water and draining the pipes. As a result of the loss, the Mannings sustained damages in the amount of $182,898.71.

      At the time of the loss, the Mannings were insured by a policy of insurance issued by Northern Assurance Company of America ("Northern Assurance"). In accordance with the terms and conditions of that policy, the Mannings received payment from Northern Assurance in

the amount of $182,648.71. The Mannings did not receive reimbursement for their $250 deductible, and have sustained an uninsured loss for at least that amount.

On or about February 11, 2005, this action was initiated in which the Mannings asserted claims against Levesque for negligence, breach of contract, breach of express and/or implied warranties, and breach of implied warranty of workmanlike service. On or about March 15, 2005, Defendant filed its Answer and Affirmative Defenses to the Complaint. The parties subsequently exchanged disclosures pursuant to Fed.R.Civ.P. 26 and L.R. 26.2(A), and the instant Motion by Defendant followed.

LEGAL ARGUMENT

Subsection (a) of Fed.R.Civ.P. 17 states, in pertinent part, as follows:

> Every action shall be prosecuted in the name of the real party in interest…. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 19, in turn, requires joinder of parties needed for the just adjudication of claims. Ratification under Rule 17(a) may be a proper alternative to Rule 19 joinder. See Agrimark, Inc. v. Nyro, Inc., 190 F.R.D. 293 (D.Mass. 2000); see also Hancotte v. Sears, Roebuck & Co., 93 F.R.D. 845 (E.D. Pa. 1982).

The purpose behind Fed.R.Civ.P. 17(a) is to protect a defendant against a subsequent action by the party actually entitled to recover in an action, and to insure that the judgment will have its proper res judicata effect. See Acme Markets, Inc. v. Shaffer Trucking, Inc., 102 F.R.D. 216 (E.D. Pa. 1984); see also Notes of Advisory Committee on Rules, 1966 Amendment to Rule 17(a).

It is well settled that an insurer, whether it has paid all or only part of a loss, is a real party in interest under Rule 17(a). United States v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949); Hancotte, *supra*; Ledford v. Central Medical Pavilion, Inc., 90 F.R.D. 445 (W.D. Pa. 1981); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1546 at 658 (1971). Where an insured has sustained a loss not compensated by its policy of insurance, it is also a real party in interest. See Agrimark, *supra* (finding that an insured who has sustained an uninsured loss is a real party in interest under Massachusetts law).

In this action, the Mannings have sustained an uninsured loss over and above the payments received from Northern Assurance. At a minimum, this amount includes their deductible interest. As a result, the Mannings are a real party in interest and, as such, may properly bring this action. Contrary to Defendant's assertion, however, Northern Assurance need not also be joined or substituted as a plaintiff in this matter.

There is extensive authority that, where the insured brings suit for the entire amount of the subrogated loss, in addition to its uninsured loss, the partially subrogated insurance company need not be named as a party to the suit under Fed.R.Civ.P. 17(a). Garcia v. Hall, 624 F.2d 150 (10th Cir. 1980); Virginia Electric and Power Co. v. Westinghouse Electric Corp., 485 F.2d 78 (4th Cir. 1973); Pace v. General Electric Co., 55 F.R.D. 215 (W.D. Pa. 1972). Where the partially subrogated insurer has executed a ratification agreement authorizing its insured, the named plaintiff, to prosecute the action on the insurance company's behalf, and has agreed to be bound by the results of the action between the insured and the defendant, forever waiving any rights to pursue its own subrogation rights outside the proceeding, joinder under Fed.R.Civ.P. 17(a) is inappropriate. Hancotte, *supra*; see also Stouffer Corp. v. Dow Chemical Co., 88 F.R.D. 336 (E.D. Pa. 1980). A ratification agreement executed by a subrogated insurance carrier affords the defendant the same protection against subsequent actions that would be provided by

Fed.R.Civ.P. 17(a), and the effect of such a ratification agreement is as if the subrogating insurance company had been a named party to the litigation from the beginning of the action. See Hancotte, *supra*; see also Stouffer Corp., *supra*; United Pulp Companies v. Powell Construction Co., 839 F.2d 958 (3d Cir. 1988).

In Agrimark, *supra,* the court noted that there is

> little case law within the circuit discussing whether [Fed.R.Civ.P.] 17(a) "ratification" is an appropriate substitute to joinder of the real party in interest. There are, certainly, opinions from other districts which indicate that ratification often obviates the need to add a subrogated insure as a party. Still, the determination of whether ratification is appropriate lies within the discretion of the court.

Id. at 296 (citations omitted).

The Mannings respectfully submit that Northern Assurance's agreement to bound by the result in this action between the Mannings and Levesque, forever waiving any rights to pursue its subrogation rights separately outside this proceeding, eliminates any danger of Levesque being subjected to multiple or inconsistent obligations. Moreover, Northern Assurance has agreed to respond to all requests for discovery as if it were a named plaintiff in this action. Such efforts by Northern Assurance are more than adequate to protect Levesque from any possible prejudice and, indeed, Levesque does not appear to dispute this contention or attempt to establish that it would be prejudiced if Northern Assurance was not joined as a plaintiff in this litigation. See Hancotte, *supra* (denying a defendant's motion to join a subrogating insurer where the defendant has failed to establish prejudice by the lack of joinder).

Most significantly, it is plainly obvious that Defendant's effort to have Northern Assurance substituted or added as a plaintiff in this action is for no other reason than to destroy diversity jurisdiction. Although not addressed by a Massachusetts court, such a motive has repeatedly been held improper and uniformly rejected by numerous Circuit Court of Appeals.

4

In Garcia, *supra*, the Tenth Circuit Court of Appeals held that joinder may be effectuated where it will not defeat diversity jurisdiction. The court further held, however, that an exception exists to preclude joinder of a partially subrogated insurance company where it would destroy diversity jurisdiction and require the dismissal of a suit brought by the insured for the entire amount of the loss. Similarly, in Virginia Electric, *supra*, the Fourth Circuit Court of Appeals held that joinder is not appropriate and, indeed, not required by Fed.R.Civ.P. 17, where it would destroy diversity jurisdiction and require dismissal of the litigation. Id. (stating that joinder is improper where it would deprive a court of diversity jurisdiction).

Levesque has admitted that its sole purpose in having Northern Assurance substituted as a plaintiff in this action is to destroy diversity jurisdiction. (See the May 2, 2005 correspondence of counsel for Levesque, a true and correct copy of which is attached hereto as Exhibit "A"). Defendant has not even alluded to a legitimate basis to compel joinder, or otherwise attempt to assert that it will be prejudiced if Northern Assurance is not named in this action. To the contrary, Defendant merely objects to the fact that, by not naming Northern Assurance as a plaintiff, this Court will be permitted to exercise diversity jurisdiction in this matter. (See Exh. "A".) Indeed, when first raising this issue, Defendant simply stated that Northern Assurance must be joined or substituted as a plaintiff in this action which, as a result, would defeat diversity jurisdiction. Id. Further evidence of its improper motive, Defendant then requested that Plaintiffs voluntarily dismiss and re-file this action in Massachusetts Superior Court and, absent compliance, Defendant threatened to seek a dismissal of this action based on the lack of diversity jurisdiction. (Id.) Where this action has been properly prosecuted in the name of a real party in interest, such actions by Defendant are blatantly improper and must not be condoned by this Honorable Court.

CONCLUSION

For all of the foregoing reasons, Plaintiffs, Theodore R. Manning and Gloria E. Manning, respectfully request that the Motion to Compel Substitution Pursuant to Fed.R.Civ.P. 17(a) of Defendant, Andre M. Levesque, d/b/a Levesque Plumbing and Heating, be denied. Defendant has failed to assert any legitimate basis to compel the substitution or joinder of Northern Assurance in this matter and, certainly, has not even attempted to establish that it would be prejudiced if joinder did not occur. As it is clear that Defendant's improper motive is solely to defeat diversity jurisdiction, this Motion must be denied in its entirety.

Dated: 7/18/05

Respectfully submitted,

COZEN O'CONNOR

By: _____
JUSTIN B. WINEBURGH, ESQUIRE
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2733

OF COUNSEL:

Roy P. Giarrusso, Esquire
BBO # 549470
Curtis A. Connors, Esquire
BBO# 630288
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
Phone: 617-770-2900

Attorneys for Plaintiffs,
Theodore R. Manning and Gloria E. Manning

## CERTIFICATE OF SERVICE

I, Justin B. Wineburgh, hereby certify that a true and correct copy of the Response of Plaintiffs, Theodore R. Manning and Gloria E. Manning, to Motion of Defendant, Andre M. Levesque, d/b/a Levesque Plumbing and Heating to Compel Substitution Pursuant to Fed.R.Civ.P. 17(a) was served this 18th day of July, 2005 via Regular United States First Class Mail upon the following counsel of record:

>Mark B. Lavoie, Esquire
>Heather Davies, Esquire
>McDONOUGH, HACKING & LAVOIE, L.L.P.
>6 Beacon Street, Suite 815
>Boston, MA  02108
>Phone:  617-367-3816
>Attorneys for Defendant, Andre M. Levesque, d/b/a Levesque Plumbing and Heating

_____
JUSTIN B. WINEBURGH