UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THEODORE R. MANNING and | * | |
| GLORIA E. MANNING, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 05-10291-JLT |
| | * | |
| ANDRE M. LEVESQUE, d/b/a | * | |
| LEVESQUE PLUMBING AND | * | |
| HEATING, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 28, 2005

TAURO, J.

This case involves a claim against Defendant for property damage resulting from a pipe that froze and burst at Plaintiffs' residence. Plaintiffs' homeowners insurance company, Northern Assurance Company of America ("Northern Assurance"), covered the damages and is currently subrogated to the claims of Plaintiffs to the extent of the coverage.[1] Plaintiffs did not receive reimbursement for their $250 deductible. As such, both the subrogated insurance company and Plaintiffs are real parties in interest, and both may bring suit for the entire amount of the loss.[2]

Defendant has moved to substitute or join Northern Assurance as a plaintiff pursuant to

---

[1] Defs.' Mot. to Compel Substitution Pursuant to Fed. R. Civ. P. 17(a), Appendix C ("Aff. of Ratification").

[2] See Reisch v. McGuigan, 745 F. Supp. 56, 64 (D. Mass. 1990) (citing Parrell v. Keenan, 452 N.E.2d 506 (1983) and C. Wright, A. Miller & M. Kane, 6A Federal Practice and Procedure § 1546 at p. 360 (1990)).

Rule 17(a) of the Federal Rules of Civil Procedure.  Substitution, however, would be inappropriate as Plaintiffs may sue for the entire amount of the loss.[3]  And joinder of the insurance company is not feasible as it would destroy diversity jurisdiction.[4]  This court, therefore, must decide whether Northern Assurance is an "indispensable" party requiring dismissal of the action under Rule 19(b) of the Federal Rules of Civil Procedure.

Under Rule 19(b), dismissal for the absence of an indispensable party turns on the existence of prejudice, "particularly the risk of multiple litigation."[5]  Here, there is no risk of prejudice or multiple litigation because the insurance company has signed an affidavit ratifying this action.  Northern Assurance agrees to "participate in discovery relative to this action" as if it were a named party, "waives any right to pursue its subrogation rights" outside of this proceeding, and agrees to be "forever bound by the results" of this action.[6]  Northern Assurance cannot be substituted or joined, and the case need not be dismissed under Rule 19(b).  For the foregoing reasons, Defendant's Motion to Compel Substitution [#7] is DENIED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[3]Id.

[4]Fed. R. Civ. P. 19(a). See also Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 84 (4th Cir. 1973) ("But joinder is not appropriate, and certainly not required by Rule 17, for the purpose of destroying diversity jurisdiction and requiring dismissal.").

[5]Garcia v. Hall, 624 F.2d 150, 152 (10th Cir. 1980).

[6]Aff. of Ratification.