UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THEODORE R. MANNING and | : | Civil Action No:   05–10291–JLT |
| GLORIA E. MANNING, h/w | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ANDRE M. LEVESQUE, d/b/a | : | |
| LEVESQUE PLUMBING AND HEATING, | : | |
| | : | |
| Defendant. | : | |

## PROPOSED JOINT SCHEDULING ORDER

The Parties Joint Form 26(f) Report of Parties' Planning Meeting is as follows:

Date Complaint Filed:          February 14, 2005

Date Complaint Served:        February 23, 2005

Date of Defendant's Appearance:    March 15, 2005

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and L.R. 16.1, a conference was held on numerous occasions by way of telephone conversations and correspondence of counsel dated August 4, 2005, August 29, 2005, September 1, 2005, September 14, 2005, October 28, 2005, December 20, 2005, February 1, 2006 and March 13, 2006.  The participants were as follows:

    For Plaintiffs:    Justin B. Wineburgh, Esquire, Counsel for Plaintiffs, Theodore R. Manning and Gloria E. Manning, h/w,

    For Defendant:    Mark B. Lavoie, Esquire and Heather E. Davies, Esquire, Counsel for Defendant, Andre M. Levesque, d/b/a Levesque Plumbing and Heating

I.   *Certification*

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the other party's claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

II.  *Jurisdiction*

   A.   *Subject Matter Jurisdiction*

Jurisdiction is based on diversity of citizenship between parties pursuant to 28 U.S.C. §1332, and the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000. Defendant contests subject matter jurisdiction.

   B.   *Personal Jurisdiction*

Defendant is a citizen of the Commonwealth of Massachusetts.

III. *Description of the Case*

   A.   *Claims of Plaintiffs*

This action is brought to recover damages sustained by Plaintiffs, Theodore R. Manning and Gloria E. Manning, who owned the real and personal property located at 235 Longview Road, West Tisbury, Massachusetts 02575 (hereinafter "the subject property"). The subject property was utilized by Plaintiffs as a seasonal home, and they are citizens of the State of New York.

At the beginning of September 2003, Plaintiffs left the subject property following the summer season. To prepare the home for the winter, on September 12, 2003, Plaintiffs contacted Defendant, Andre Levesque d/b/a Levesque Plumbing and Heating (hereinafter "Levesque"), as

they had done in prior summer seasons, and requested that Levesque prepare the home for the upcoming winter, including draining and "winterizing" the plumbing system. Having not received a bill from Levesque, Plaintiffs again contacted Levesque on November 4, 2003 by both telephone and in writing, making another request that Levesque perform the work at the subject property. The following month, Plaintiffs had still not received a bill to confirm that Levesque had performed the requested work at the subject property and, in light of a projected severe snow storm, Plaintiffs repeatedly contacted Levesque by telephone on December 2, 3 and 6, 2003 to inquire as to whether Levesque had completed the necessary work at the home.

Finally, on December 9, 2003, Levesque went to the subject property, presumably to finally complete the plumbing work which had been requested three (3) months prior. Levesque arrived at the premises, however, only to discover that a water pipe had frozen and burst, discharging a substantial amount of water into the subject property, causing substantial damage and destruction to the real and personal property of Plaintiffs.

Plaintiffs allege that the loss and associated damage and destruction were directly and proximately caused by Levesque's negligence, breach of contract, breach of express and implied warranties, and breach of implied warranty of workmanlike service. As a result of the subject loss, Plaintiffs sustained damages in the amount of $182,648.71, exclusive of interest, costs and attorneys' fees.

      B.    *Defenses and Claims of Defendant*

This is a subrogation case in which the Plaintiffs' insurer is seeking reimbursement for monies paid to its insureds. The Defendant is not liable to the Plaintiffs for negligence, breach of contract, breach of express and implied warranties, and breach of implied warranty of workmanlike service where the Defendant did not agree to perform any services at the Plaintiffs'

home at 235 Longview Road, West Tisbury, MA 02575 ("the subject premises"), on Martha's Vineyard until several days before the water infiltration was discovered.

The Defendant received a letter from the Plaintiffs sometime in the fall of 2003 regarding the winterization of the subject property. The Defendant did not agree to perform any services at the subject premises in response to the letter, either orally or in writing. Several days prior to December 9, the Plaintiffs contacted the Defendant by telephone and asked that the Defendant "winterize" the subject property. In response, the Defendant's wife advised the Plaintiffs that they would be put on a list, and advised them to keep their heat source on in the meantime. The Defendant did not agree to perform any services at the subject property by a certain date. Neither the Defendant nor his wife had spoken to the Plaintiffs regarding any services to be performed at the subject property for the winter of 2003 prior to that telephone conversation. On December 9, the Defendant went to the subject property and discovered the water infiltration.

There was never a written contract or agreement between the Plaintiffs and the Defendant to "winterize" the subject property or to "perform services at the subject premises", as alleged in the Plaintiffs' Complaint. Moreover, there was no oral agreement between the Plaintiffs and the Defendant regarding the subject property. Any telephone calls and letters sent by the Plaintiffs prior to the date of loss do not constitute a contract for services.

Moreover, the Defendant did not agree to perform winterization of the subject property consistent with the year prior, where the Defendant had not performed such winterization in the past. In this regard, the Plaintiffs did not provide the Defendant with the information necessary to perform the winterization. Typically more information than the Plaintiffs provided in their letter is necessary before winterization can occur.

The subject incident alleged in the Plaintiffs' Complaint occurred as a result of the Plaintiffs' failure to properly heat their residence during the cold months of the year. Specifically, the Plaintiff apparently shut off the heat prior to leaving the residence in the summer of 2003, which caused or created conditions to cause the water infiltration. In addition, the Plaintiff failed to shut off the water source to the residence prior to leaving the residence in the summer of 2003, resulting in a continuous flow of water into the house after the alleged pipe failure. As a result, the Plaintiffs left an unheated house with a continuous water source flowing into the building. The Plaintiffs further failed to have a caretaker properly close and watch the building after the summer had ended, which is the common practice of people with summer homes on Martha's Vineyard.

## IV.    *Statement of Undisputed Facts*.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are undisputed:

A.    Defendant is an individual and resident of the Commonwealth of Massachusetts who, at all times material hereto, did business as Levesque Plumbing and Heating, with its principal place of business located at 68 Front Street, Oak Bluffs, Massachusetts 02557.

B.    At all times material hereto, Defendant was involved in the business of maintaining, servicing, inspecting and repairing residential plumbing appliances, fixtures and systems.

## V.    *Case Management Plan*

### A.    *Joinder of Parties and Amendment of Pleadings*

1.    The plaintiffs should be allowed until April 3, 2006 to file motions to join additional parties and until July 5, 2006 to file motions to amend pleadings.

    2.  The defendant should be allowed until April 3, 2006 to file motions to join additional parties and until July 5, 2006 to file motions to amend pleadings.

    3.  Rule 12 Motions to Dismiss shall be filed on or before August 1, 2006.

  B.  *Discovery*

    1.  The parties anticipate that discovery will be needed on the following subjects:

      a)  The scope and responsibility of Defendant for the subject loss;

      b)  The scope and responsibility of Plaintiffs for the subject loss; and

      c)  The scope and extent of damages sustained by Plaintiffs.

    2.  All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4) will be completed (not propounded) by December 1, 2006.

    3.  All parties agree that discovery <u>will not</u> be conducted in phases.

    4.  All discovery (including fact and expert discovery) will be completed by December 1, 2006. All fact discovery (including oral and written fact discovery) will be completed by September 1, 2006.

    5.  The parties anticipate that the Plaintiffs will require approximately four (4) depositions of fact witnesses and that Defendant will require a total of approximately four (4) to five (5) depositions of fact witnesses.

    6.  Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by October 2, 2006. Depositions of any such experts will be completed by December 1, 2006.

    7.  Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts

pursuant to Fed.R.Civ.P. 26(a)(2) by November 1, 2006.  Depositions of any such experts will be completed by December 1, 2006.

    C.    *Dispositive Motions*

Dispositive motions will be filed on or before February 1, 2007.

    D.    *Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 1, 2007.

## VI.   *Trial Readiness*

The parties will be ready for Trial by April 2, 2007.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        Respectfully submitted,

        THEODORE E. MANNING and GLORIA E. MANNING, h/w
        By their attorneys,

BY:  /s / Curtis A. Connors
       Roy P. Giarrusso, BBO# 549470
       Curtis A. Connors, BBO# 630288
       GIARRUSSO, NORTON, COOLEY
          & MCGLONE, P.C.
       Marina Bay
       308 Victory Road
       Quincy, MA 02171
       (617) 770-2900

       Justin B. Wineburgh
       COZEN & O'CONNOR
       The Atrium- Third Floor
       1900 Market Street
       Philadelphia, PA 19103
       215-665-2733

                    ANDRE M. LEVESQUE, d/b/a
                    LEVESQUE PLUMBING AND HEATING
                    By its attorneys,

BY:  /s / Heather E. Davies
      Mark B. Lavoie, BBO# 553204
      Heather E. Davies, BBO# 651739
      McDONOUGH, HACKING & LAVOIE, L.L.P.
      6 Beacon Street, Suite 815
      Boston, MA  02108
      617-367-3816

DATED:  March 14, 2005

## CERTIFICATE OF SERVICE

    I, Curtis A. Connors, hereby certify that I have this day served a copy of the foregoing by causing a copy thereof to be mailed, by first-class mail, postage prepaid, to Heather E. Davies, Esq., McDonough, Hacking & Lavoie, LLP, 6 Beacon Street, Suite 815, Boston, Massachusetts 02108.

                          / s / Curtis A. Connors
                          Curtis A. Connors

DATED:  March 14, 2005